# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Peter D. Korn, Respondent

Appellate Case No. 2021-000025

---

Opinion No. 28021
Submitted April 1, 2021 – Filed April 21, 2021

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel C. Tex Davis Jr., both of
Columbia, for the Office of Disciplinary Counsel.

Harvey M. Watson, III, of Ballard & Watson, Attorneys
at Law, of West Columbia, for Respondent.

---

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, Respondent admits misconduct, consents to either a confidential admonition or a public reprimand, agrees to pay costs, and agrees to complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School within one year. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

# I.

## Matter A

Respondent has practiced in the default services area for approximately four decades and opened his own law firm in 1989, which he incorporated as Korn Law Firm, P.A. (KLF). Respondent and KLF represented lenders in default matters. Demand for foreclosure legal services ballooned in the late 2000s when a recession left many lenders with a glut of defaulted mortgages. Respondent grew KLF to accommodate client demand, and at one time, KLF had approximately 150 firm employees. The growth was neither controlled nor permanent.

Respondent and KLF hired ABC Legal Services (ABC) in 2009 to coordinate service of process for the firm's foreclosure litigation cases. KLF needed to serve a high volume of defendants and ABC's invoices were substantial. KLF and ABC did not enter into a written agreement for services.

Federal and state efforts to stem the tide of the foreclosure crisis with legislation, administrative actions, and a state-wide temporary stay of foreclosures slowed Respondent's business considerably. Respondent reports the national lenders who dominated his client base instructed KLF to resist reducing its size and overhead and insisted a renewed deluge of foreclosures was forthcoming. The second wave never materialized and KLF became crippled by its overhead. Respondent attempted to keep the firm afloat by leveraging his personal and firm assets, but it was not enough.

KLF fell behind on many financial obligations including payments to ABC. Email correspondence between KLF and ABC reflects that KLF was typically significantly behind in paying ABC and often submitted payments without clearly identifying the invoices being paid. Despite the late and incomplete payments, ABC continued to accept work from, and coordinate service for, KLF. In total, KLF paid ABC approximately $1,600,000 from October 2009 through August 2014, but still owed ABC more than half that amount. Although Respondent submits some of KLF's clients failed to pay or were late to pay the firm, he acknowledges the firm's clients generally expected the firm to advance costs and that the firm was compensated for the costs it incurred in the vast majority of foreclosure actions. The firm simply fell behind in making payments to ABC, and once it did so, never managed to bring its payments current.

On September 15, 2014, Respondent and KLF entered into an agreement with Florida-based law firm Butler and Hosch, P.A. (B&H) in which B&H agreed to assume and complete all of KLF's open files and collect payments due to the firm. The collected funds were to be used to pay KLF's debts, including its debt to Synovus Bank (Synovus), which held a protected security interest in KLF's accounts receivable, other income KLF received in the normal course of business, and some firm assets. Respondent and most of the KLF employees became employees of B&H as part of the agreement Respondent and KLF made with B&H.

On September 19, 2014, Respondent signed a $745,478.08 confession of judgment in favor of ABC on behalf of KLF. At the time, Respondent was KLF's sole officer, director, and shareholder. When contacted by the sheriff in an attempt to collect against the judgment, KLF offered a $10,000 cashier's check as partial payment. ABC rejected the offer and the sheriff returned the execution *nulla bona*.

On December 1, 2014, ABC filed a disciplinary complaint against Respondent. On December 30, 2014, ABC filed a lawsuit against KLF, Respondent, B&H, and others in federal court. On January 14, 2015, ABC commenced supplemental proceedings in state court to enforce the judgment. Respondent responded to the disciplinary complaint on January 20, 2015 alleging that ABC was using the disciplinary process solely for civil advantage.

The federal court relieved ABC's counsel on July 15, 2015, and directed ABC to retain new counsel by July 30, 2015. ABC did not retain new counsel, and the case was dismissed for failure to prosecute by order dated August 17, 2015.

During the supplemental proceedings in state court, Synovus made an appearance and obtained an order directing KLF to remit funds collected on the firm's accounts receivable to Synovus. On February 25, 2016, ABC assigned its interest in its judgment against KLF to Synovus, and Synovus filed notice of the assignment with the circuit court. Thereafter, on June 8, 2016, the Master-in-Equity held Robert Hosch of B&H in contempt for exerting control over proceeds from KLF's accounts receivable and ordered him to return $695,000 in funds or pay the same to Synovus.

Respondent acknowledges he failed to ensure his firm paid ABC for the services it provided that enabled the firm to continue its foreclosure practice, even though the

firm had, with limited exception, received payment for those very bills from its clients.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 4.4(a) (respect for rights of third persons); and Rule 8.4(e) (conduct prejudicial to the administration of justice).

## Matter B

KLF represented lender Specialized Loan Servicing, Inc. (SLS) in a condominium foreclosure action, as well as the Federal Home Loan Mortgage Corporation (Freddie Mac), to whom SLS had assigned the winning foreclosure bid. The foreclosure action was finalized in early June 2014, but KLF did not send the deed and Master's commission to the Master-in-Equity until October 2014. Respondent does not acknowledge the delay was caused by KLF's cash flow problem, but he does acknowledge the firm was experiencing a cash flow problem and that the commission check payable to the Master-in-Equity was issued from B&H's cost advance account although some KLF accounts were still active at that time.

By this time, Freddie Mac had marketed the condominium and Complainant RB had contracted to purchase the property. Lawyer signed the purchase contract on behalf of Freddie Mac. A closing date was scheduled for late October 2014. The closing was extended, and RB's closing attorney, unaware that the deed had just been forwarded to the Master-in-Equity, questioned whether a perceived defect in the foreclosure process had resulted in a title problem. The closing was extended, but when Freddie Mac still did not have title in late November 2014, Freddie Mac chose to cancel the contract and the parties agreed RB was entitled to the return of the $1,000 in earnest money KLF was holding for the transaction. Despite multiple requests from RB and his realtor, the earnest money was not returned until late January 2015.

RB filed a disciplinary complaint against a different attorney on January 22, 2015. Based on the investigation of that matter, ODC issued a notice of investigation to Respondent on June 22, 2015. Respondent responded to the notice of investigation on August 10, 2015.

Respondent admits his conduct in this matter violated Rule 1.15(d), RPC, Rule 407, SCACR (prompt delivery of trust account funds a third party is entitled to receive).

## II.

Respondent acknowledges his conduct in the above matters violated Rule 7(a)(1), RLDE, Rule 413, SCACR (a violation of the Rules of Professional Conduct constitutes grounds for discipline).

Respondent also agrees that within thirty days of the imposition of discipline, he will pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (Commission). As a condition of discipline, Respondent also agrees to complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School within one year.

## III.

We find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty (30) days of the date of this opinion, Respondent shall pay or enter into a reasonable payment plan with the Commission to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Within one year of the date of this opinion, Respondent shall complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**